IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

FAUSTINO CRUZ and SONIA            §
RODRIGUEZ,                         §
                                   §
      Plaintiffs,                  §
                                   §
v.                                 §        CIVIL ACTION NO. H-10-352
                                   §
STANDARD GUARANTY INSURANCE,       §
COMPANY and PATRICK GLASS,         §
                                   §
      Defendants.                  §

MEMORANDUM AND ORDER

       Pending is Plaintiffs Faustino Cruz and Sonia Rodriguez's
Motion to Remand (Document No. 6). After carefully considering the
motion, response, reply, and the applicable law, the Court
concludes that the case should be remanded.

I.  Background

       This is a Hurricane Ike insurance dispute. Plaintiffs
Faustino Cruz and Sonia Rodriguez ("Plaintiffs") filed a claim
under their Homeowner's Insurance Policy (the "Policy") with
Standard Guaranty Insurance Company ("Standard") for hurricane
damage to their home at 23330 Dew Wood Lane, Spring, Texas 77373
(the "Property").[1]  Standard assigned Patrick Glass ("Glass") as

---

       [1] Document No. 1, ex. B ¶¶ 10-13 (Plaintiffs' Original
Petition).

the claims adjuster.[2]  Glass allegedly performed a twenty-minute inspection of the Property, which resulted in Standard denying some of Plaintiffs' claims and underpaying others.

Plaintiffs filed this action in the 11th Judicial District Court of Harris County, Texas.  Plaintiffs assert claims against Standard for breach of contract, breach of duty of good faith and fair dealing, and violations of the Texas Insurance Code (unfair settlement practices and prompt payment of claims); Plaintiffs assert a claim against Glass for violating the Texas Insurance Code (unfair settlement practices); and Plaintiffs assert claims against both Defendants for common law fraud and conspiracy to commit fraud.[3]  Defendants removed based on diversity, claiming that Glass was joined improperly to defeat diversity jurisdiction.  It is undisputed that Standard is a citizen of Delaware and Georgia[4] and Plaintiffs and Glass are Texas citizens; therefore, if Glass was joined properly, the Court lacks diversity jurisdiction. Plaintiffs now move to remand.

---

[2] Id., ex. B ¶ 15.

[3] Id., ex. B ¶¶ 29-63.

[4] Standard is a Delaware corporation with its principal place of business in Georgia.  Document No. 1 ¶ 7.

II.   <u>Motion to Remand</u>

A.   <u>Improper Joinder Standard</u>

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant.  <u>Ross v. Citifinancial, Inc.</u>, 344 F.3d 458, 461 (5th Cir. 2003).  Here, Defendants do not assert that Plaintiffs fraudulently pleaded jurisdictional facts, so only the second prong is at issue.  Under this prong, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant.  <u>Id.</u> at 462.  A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one.  <u>Id.</u>  The Fifth Circuit has explained:

> [T]he standard for evaluating a claim of improper joinder is similar to that used in evaluating a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The scope of the inquiry for improper joinder, however, is broader than that for Rule 12(b)(6) because the court may "pierce the pleadings" and consider summary judgment-type evidence to determine whether the plaintiff has a basis in fact for the claim.

<u>Campbell v. Stone Ins., Inc.</u>, 509 F.3d 665, 669 (5th Cir. 2007) (citing <u>Ross</u>, 344 F.3d at 462-63); *accord* <u>Travis v. Irby</u>, 326 F.3d 644, 648-49 (5th Cir. 2003).  Whether or not to "pierce the

3

pleadings" is discretionary, and may be appropriate in order to identify the presence of discrete and undisputed facts that would preclude a plaintiff's recovery against the non-diverse defendant. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 574 (5th Cir. 2004).  The focus of this summary inquiry must be on whether the defendants were improperly joined in order to defeat diversity, not on the overall merits of the plaintiff's case.  Id. at 573.

The party claiming fraudulent joinder bears a "heavy" burden of persuasion.  Id.  All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand.  Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

B.  Analysis

Defendants assert that the case was properly removed because "Plaintiffs have failed to properly allege a reasonable basis upon which they can recover against Glass."[5]  The allegations against Glass in the "FACTS" section of Plaintiffs' Original Petition are as follows:

> 15.  Standard Guaranty assigned Defendant Glass to adjust the claim.  Defendant Glass performed an

---

[5] Document No. 14 at 2.

4

inspection of the property lasting approximately 20 minutes. . . .

18.  Defendants     Standard     Guaranty     and     Glass misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence . . . .

19.  Defendants Standard Guaranty and Glass failed to make an attempt to settle Plaintiffs' claim in a fair manner, although they were aware of their liability to Plaintiffs under the Policy. . . .

20.  Defendants Standard Guaranty and Glass failed to explain to Plaintiffs the reasons for their offer of  an  inadequate  settlement.   Specifically, Defendants Standard Guaranty and Glass failed to offer Plaintiffs adequate compensation, without any explanation why full payment was not being made. Furthermore, Defendants Standard Guaranty and Glass did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide  any  explanation  for  the  failure  to adequately settle Plaintiffs' claim. . . .

21.  Defendants Standard Guaranty and Glass failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive  timely  indication  of  acceptance  or rejection, regarding the full and entire claim, in writing  from  Defendants  Standard  Guaranty  and Glass. . . .

22.  Defendants Standard Guaranty and Glass refused to fully compensate Plaintiffs under the terms of the Policy, even though Standard Guaranty and Glass failed  to  conduct  a  reasonable  investigation. Specifically, Defendants Standard Guaranty and Glass performed an outcome-oriented investigation of Plaintiffs' claim, which resulted in a biased, unfair and inequitable evaluation of Plaintiffs' losses on the Property. . . .

27.  Defendants Standard Guaranty and Glass knowingly or recklessly made false representations, as described above, as to material facts and/or knowingly

5

concealed all or part of material information from
Plaintiffs.[6]

Immediately following this section are Plaintiffs' "CAUSES OF
ACTION," in which Plaintiffs bring some claims only against
Standard, some claims only against Glass, and some claims against
both Defendants.

Plaintiffs' Original Petition repeats almost verbatim the
allegations and causes of action asserted in Harris v. Allstate
Texas Lloyd's, No. H-10-0753, 2010 WL 1790744 (S.D. Tex. April 30,
2010) (Lake, J.).  In Harris, Judge Lake granted the plaintiff's
motion to remand because the plaintiff's "allegations, if proven
true, would create a reasonable probability that [the plaintiff]
could prevail in his claims against the [individual adjuster]."
Id. at *4.   The defendants failed to proffer any evidence
disproving these allegations; therefore, a summary inquiry was
unwarranted and remand was appropriate.  Id. at *4-5.  The Court
sees no reason to diverge from the well-reasoned opinion in Harris.

Defendants rely in part on this Court's opinion in Lakewood
Chiropractic Clinic v. Travelers Lloyds Insurance Co., H-09-1728,
2009 WL 3602043, at *4 (S.D. Tex. Oct. 27, 2009).  Lakewood relied
in part on recent opinions from district courts in the Fifth
Circuit that hold that allegations merely asserted against
"Defendants," without alleging what facts are attributed to the

---

[6] Document No. 1, ex. B (Original Petition).

adjuster individually as opposed to the insurance company, do not provide a reasonable basis for recovering from the adjuster.[7]  The petition in <u>Lakewood</u> was similar to Plaintiffs' Original Petition here--both ambiguously state factual allegations against "[the insurance company] and [the adjuster]."  In <u>Lakewood</u>, however, the plaintiff compounded these ambiguities by repeating them in its causes of action.  Indeed, the plaintiff asserted that "[the insurance company] and [adjuster] breached its contract with

---

[7] *See* <u>Bailey v. State Farm Lloyds</u>, No. H-00-3638, 2001 WL 34106907, at *4-6 (S.D. Tex. April 12, 2001) (Gilmore, J.) (finding allegations against both the insurance company and the adjusters that apparently denied the plaintiff's claim were "near-verbatim recitation[s]" of the insurance code that did not state a claim against the adjusters personally because there were no facts alleging what acts were attributable to the adjusters as opposed to the insurance company); <u>Weldon Contractors, Ltd. v. Fireman's Fund Ins. Co.</u>, 4:09-cv-165-A, 2009 WL 1437837, at *3-4 (N.D. Tex. May 22, 2009) (finding allegations that listed Insurance Code provisions and asserted that "Both Defendants" violated such provisions "are really legal conclusions couched as factual allegations," and stating, "The problem plaintiff has with each of these alleged violations is that it has alleged no facts to show that [the adjuster] performed any act that could be construed as a violation of any of the aforementioned sections [of the Insurance Code]."); <u>Broadway v. Brewer</u>, No. 4:08-cv-475, 2009 WL 1445449, at *2 (E.D. Tex. May 21, 2009) (finding a petition listing statutory provisions of the Insurance Code that were violated by "Defendants" "does not, on its face, allege facts supporting an independent cause of action against [the insurance agent]"); <u>First Baptist Church of Mauriceville, Tex. v. GuideOne Mut. Ins. Co.</u>, No. 1:07-CV-988, 2008 WL 4533729, at *6 (E.D. Tex. Sept. 29, 2008) (finding petition listing violations of the Insurance Code committed by the insurance company and then incorporating those violations against the adjuster did not state a claim against the adjuster because "[n]o specific code violations are attributed to [the adjuster]. . . . Ultimately, all allegations are conclusory, wholly lacking specific factual support, and merely assert that [the adjuster] violated the Texas Insurance Code.").

[plaintiff]," when no contract existed between the plaintiff and the adjuster. Lakewood, 2009 WL 3602043, at *2. Moreover, in its Motion to Remand, the plaintiff tacitly conceded that some of the allegations naming "[the insurance company] and [adjuster]" did not, in fact, involve the adjuster at all. Id. at *3. Finally, the defendants proffered uncontested evidence that the defendant-adjuster was not the adjuster that analyzed or denied the plaintiff's insurance claim. See id. at *4. The defendant-adjuster was merely involved with the plaintiff's claim *after* it was denied, and *after* the plaintiff sent a demand letter to the defendant insurance company. See id.; see also Finkelman v. Liberty Mutual Fire Ins. Co., No. H-09-3855, at *17-20 (S.D. Tex. Feb. 4, 2010) (Lake, J.) (finding no reasonable basis to predict the plaintiff would have a claim against the defendant-adjuster based on similar allegations and summary evidence as in Lakewood). In sum, the defendants in Lakewood and Finkelman made it clear that the respective plaintiffs had no reasonable basis for suing the defendant-adjusters.

The deficiencies present in Lakewood and Finkelman are not present here. Defendants have not shown that Plaintiffs have no reasonable basis for recovery against Glass.

8

III.   <u>Order</u>

Based on the foregoing, it is

ORDERED that Plaintiffs Faustino Cruz and Sonia Rodriguez's Motion to Remand (Document No. 6) is GRANTED, and this case is REMANDED to the 11th Judicial District Court of Harris County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 11th Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 4th day of June, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE